Dear Representatives Adkins,
¶ 0 This office has received your request for an Opinion in which you asked, in effect, the following questions:
1. Is it a violation of conflict of interest laws for cityemployees, such as police officers and public safety workers inemergency situations, to call for an ambulance service owned by acity council member to transport an injured individual, providedthe cost of such transportation is borne by the individual?
2. In the case of a city-beneficiary hospital trust, the boardof trustees of which is appointed by the city council, is it aviolation of conflict of interest laws for the hospital trust tocontract with an ambulance service owned by a member of the citycouncil?
 I.
¶ 1 The Oklahoma Constitution as well as State statutes speak to conflicts of interest of public officials. A city council member, as a municipal officer, may not profit from the use of public funds.
¶ 2 The relevant Constitutional provision is found in Article X, § 11:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony.
Okla. Const. art. X, § 11.
¶ 3 As noted in Attorney General Opinion 85-138, this provision "prohibits such public officers from receiving a direct or indirect profit from the use of public funds."
¶ 4 In the scenario presented by your request, no city funds are involved. There is no contract between the city and the ambulance service. The question and this response are limited to a situation in which the responsibility to pay for the ambulance service rests with the individual being transported.
¶ 5 Thus, the fact that a city employee calls on an ambulance service owned by a city council member to transport an individual in an emergency situation is not within itself an unlawful conflict of interest.
¶ 6 Whether a council member might misuse his or her influence in such a way as to create an unlawful conflict of interest in a particular situation is a question of fact which cannot be addressed in an Attorney General Opinion. 74 O.S.Supp. 1995, §18b[74-18b](A)(5).
 II.
¶ 7 Your second question involves a contract between a municipal-beneficiary public trust and an ambulance company owned by a member of the city council. In your question, it is the city council which appoints the trustees of the public trust.
¶ 8 In addition to the Constitutional provision regarding public officials cited above, the Oklahoma Municipal Code, 11O.S. 1991 and Supp. 1995, § 1-101 to § 52-107, contains a prohibition against certain officers and employees conducting certain business with the municipality. One section of the Municipal Code provides in pertinent part as follows:
 Except as otherwise provided by this section, no municipal officer or employee, or any business in which said officer, employee, or spouse of the officer or employee has a proprietary interest, shall engage in:
. . . .
2. contracting with the municipality[.]
11 O.S.Supp. 1995, § 8-113[11-8-113](A). This statute concerns essentially the same issue as the Constitutional provision.
¶ 9 Central to the resolution of your question is the fact that the hospital trust and the city are separate legal entities. 60O.S.Supp. 1995, § 176.1[60-176.1](A)(2). A contract with one is not a contract with the other, nor are the funds of one the funds of the other. Thus, 11 O.S.Supp. 1995, § 8-113[11-8-113] would not come into play, since the contract in your question is with the hospital trust and not with the city.
¶ 10 A contract between a hospital trust, the board of which is appointed by the city council, and an ambulance service owned by a member of the city council is not per se an unlawful conflict of interest.
¶ 11 Again, whether a city council member might attempt to use that position in such a way as to gain financial advantage or profit is a question of fact. Public officials must always be mindful that they should follow a high standard of conduct.
 Governmental officials and employees must exercise great care to avoid even the appearance of impropriety in their duties; for they, like Caesar's wife, must be above reproach.
Westinghouse Electric Corp. v. Grand River Dam Authority,720 P.2d 713, 717-18 (Okla. 1986).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Article X, § 11 of the Oklahoma Constitution prohibits publicofficers from receiving a direct or indirect profit from the useof public funds. When the cost is borne by the individual andpublic funds are not used, it is not per se an unlawfulconflict of interest for city employees, such as police officersand public safety workers in emergency situations, to call for acity ambulance service owned by a city council member totransport injured individuals.
2. In the case of a city-beneficiary hospital trust, the boardof trustees of which is appointed by the city council, it is notper se an unlawful conflict of interest under 11 O.S.Supp.1995, § 8-113[11-8-113] or Article X, § 11 of the Oklahoma Constitution,for the hospital trust to contract with an ambulance serviceowned by a member of the city council.
3. Whether a city council member might misuse his or herinfluence in such a way as to create an unlawful conflict ofinterest in a particular situation is a question of fact whichcannot be answered in an Attorney General Opinion. 74 O.S.Supp.1995, § 18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL